188

ATLANTIC SEABOARD COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. THE BOROUGH OF SEASIDE PARK, IN THE COUNTY OF OCEAN, A MUNICIPAL CORPORATION ET AL., DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 8, 1950—Decided June 2, 1950.

Before Judges McGeehan, Colie and Eastwood.

*Mr. W. Louis Bossle* argued the cause for the plaintiff-appellant (*Mr. David Novack,* attorney).

*Mr. Walter Carson,* attorney and counsel of defendants-respondents, argued the cause.

The opinion of the court was delivered by
Eastwood, J. A. D. Plaintiff, Atlantic Seaboard Company, appeals from a judgment of the Superior Court, Chancery Division, dismissing its action for foreclosure of a mortgage on the property of defendant, The Borough of Seaside Park, and directing that the mortgage be cancelled of record.

The facts are sufficiently stated in the opinion of the trial court. reported in 3 *N. J. Super.* 501. To restate them here would be unnecessary repetition.

It appears from our review of the record that the warrant to discharge the mortgage was obtained from the Tradesmens bank by the attorneys acting for the Arlington Beach Company. In fact, at the trial, Mr. Bleakly stated that he unquestionably represented the Arlington Beach Company in securing the surrender of the bond and mortgage with warrant to discharge. Thereafter Mr. Bleakly, at the instigation of William H. Cummings, conducted the negotiations resulting in the assignment of the bond and mortgage, returning to the Tradesmens bank the warrant for discharge. The two letters written by Mr. Bleakly—one resulting in the surrender of the mortgage for discharge and the other in the assignment—are clearly inconsistent with each other. There is not one iota of evidence in contradiction of Mr. Bleakly's testimony that he represented the Arlington Beach Company. However, when he obtained the assignment, it is quite clear that he was not authorized to nor did he act for the Arlington Beach Company. At that time, Cummings had absolutely no interest in the Arlington Beach Company nor the mortgaged premises and he did not possess any authority to alter or change the position of the Arlington Beach Company, by bringing about an unauthorized revitalization of the bond and mortgage. It is understandable why the Arlington Beach Company would want to secure the return of the mortgage for cancellation—its bond for $150,000 was outstanding. The discharge of the mortgage terminated that liability. On the other hand, the assignment has the effect of keeping alive the liability of the Arlington Beach Company for a period of six years under the Statute of Limitations. Without any indication in the record as to the intentions of the Arlington Beach Company, there is no logical reason why that company would have acquiesced in the assignment and thus continued its liability. Plaintiff's foreclosure action is based upon default in the terms of the bond and it is attempting to collect, not the $500 allegedly advanced by Cummings, but the principal of $75,000 and interest thereon. The Chancery Division decided that the mortgage had been effectively cancelled when

it was surrendered to the attorneys for the Arlington Beach Company, that it could not be revived and directed its cancellation of record. Plaintiff concedes that had the Arlington Beach Company been the active litigant, and had it proved against plaintiff the facts upon which the decision rests, plaintiff now would have no ground for contesting the main portion of the judgment on this appeal. And, argues plaintiff, without that corporation being made a party to the litigation, those defenses cannot be asserted by the defendant.

The non-joinder of the Arlington Beach Company makes it difficult to determine this issue conclusively. Defendant asserts that it is a well settled principle that the owner of mortgaged premises as successor in title from the pledgor may raise all the defenses available to the mortgagor in foreclosure of its mortgage. *Vredenburgh v. Burnet,* 31 *N. J. Eq.* 229, 233 (*Ch.* 1879). But again, without any knowledge as to the position that may be taken by the Arlington Beach Company, we are unable to ascertain what defenses the Arlington Beach Company may assert; whether it finally and unalterably intended to ' cancel the mortgage or what other ground it may advance for having obtained the surrender of the mortgage for discharge. As Vice-Chancellor Jayne declared in *Di Giovacchini v. Teich,* 133 *N. J. Eq.* 107, 112 (*Ch.* 1943) :

"It is undeniable that an assignee of a bond and mortgage takes it subject to all equities available between the assignor and the obligor, mortgagor, owner of the mortgaged premises and others having interests as junior encumbrancers. * * *"

And further, at *p.* 112 :

"The basic reasoning is that the mortgage is a mere incident of the debt which it is intended to secure and a defense to the debt is a defense to the mortgage. * * *"

Certainly, it would seem inequitable on the facts before us to permit the plaintiff, controlled as it is by William H. Cummings, owning ninety per cent of the stock, and who was

clearly in possession of all of the facts and circumstances connected with the transaction from beginning to end to now enforce the payment of the principal and interest claimed thereon, particularly in view of the fact that the unpaid judgment of the Tradesmens bank represents Cummings' indebtedness in connection with which the bond and mortgage in question were given merely as collateral security. It was held in *Kem Products Co. v. Levin,* 117 *N. J. Eq.* 560, 564 (*Ch.* 1935), that:

" 'It is not alone fraud or illegality which will prevent a suitor from entering a court of equity ; any really unconscientious conduct, connected with the controversy to which he is a party, will repel him from the forum whose very foundation is good conscience.' *Pom. Eq. Jur. Sec.* 404.

"A court of equity will not countenance inequity. The conduct of the complainant herein offends the dictates of natural justice. Whatever may be its rights and whatever use it may make of them in a court of law, it will be held remediless in a court of equity. \* \* \*"

■■ From the record before us, we are inclined to concur with the trial court that the mortgage was effectively cancelled when the warrant to discharge, with the accompanying bond and mortgage, were surrendered to the attorneys for the Arlington Beach Company, and could not be revived by Cummings through his later successful negotiations resulting in an assignment thereof in exchange for the return of the warrant to discharge. The law seems to be settled that a bond and mortgage, when once satisfied, cannot be revived without the authorization of the obligor and the owner of the estate in the land. In *Atwater v. Underhill,* 22 *N. J. Eq.* 599 (1872), the Court of Errors and Appeals said at *pp.* 603 and 604:

"A mortgage which has been satisfied may be given a new vitality by a re-delivery by the mortgagor to the mortgagee or a third person, upon a new consideration, or for a purpose different from that for which it was made. *Robinson v. Urquhart,* 1 *Beas.* 515 ; *Hoy v. Bramhall,* 4 *C. E. Green* 563. But to give such effect to the mortgage the re-pledging must be made by the authority of the person whose estate is sought to be held for the performance of the new

obligation. Mrs. Atwater was the owner of the mortgaged premises, and the mortgage, when once extinct, could only be revived by an authority which emanated from her."

In *Di Giovacchini v. Teich, supra,* the principle is referred to in the following language at *p.* 113:

"A revival or renewal of a mortgage once paid, is tantamount to the execution of a new mortgage and the creation of a new encumbrance. *Peiffer v. Bates, supra.* The contractual power to revive an obligation which has been discharged by payment is circumscribed by certain limitations. It cannot be exercised to the prejudice of others whose rights were acquired prior to such revival."

Article VI, Sec. V, par. 3, of the 1947 Constitution, provides:

"The Supreme Court and the Appellate Division of the Superior Court may exercise such original jurisdiction as may be necessary to the complete determination of any cause on review."

This constitutional provision is implemented by *Rule* 1:4–10 of the Supreme Court Rules and incorporated by reference in *R.* 4:4–7 of the Appellate Division Rules, with one highly significant change. Where the Constitution provides that the appellate courts "may" exercise original jurisdiction, the Rules provide that the appellate courts "shall" exercise such original jurisdiction. *Rule* 3:21 provides that parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action. In the case *sub judice,* we are of the opinion that the Arlington Beach Company is indispensable as a party to this action and its presence is necessary to a complete determination thereof. See *R. S.* 2:27–31. *Cf. Ciocca v. Hacker,* 4 *N. J. Super.* 28, 32 (*App. Div.* 1949), and *Woodbridge v. DeAngelis,* 125 *N. J. L.* 579, 580 (*E. & A.* 1940).

Counsel for the plaintiff concedes that the allowance of counsel fee was erroneous. *John S. Westervelt's Sons v. Regency, Inc.,* 3 *N. J.* 472 (1950).

The judgment of the Chancery Division that (a) the mortgage has been, and remains, satisfied and extinguished; (c)

directing that the mortgage shall be cancelled of record; (d) directing plaintiff to endorse the mortgage for cancellation of record and providing for its discharge in the event of the plaintiff's failure to do so; and (e) allowance of counsel fee to plaintiff, is reversed.

The provision (b) of the judgment dismissing plaintiff's action is reversed and the cause is remanded with instructions that plaintiff join the Arlington Beach Company as a party thereto within such reasonable period of time as the Chancery Division may order. Upon the joinder of the Arlington Beach Company, the trial court shall take such further proceedings as may be necessary to conclusively decide the issue. If plaintiff shall fail to make the Arlington Beach Company a party, as directed, the judgment of dismissal will be affirmed.

Costs to await the outcome of the proceedings before the Chancery Division.